UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
SANTOKH SINGH WALIA,                                                           Civil Action No.:

                                Plaintiff,

                  -against-                                                                  **COMPLAINT**

575 FUEL INC., MELVILLE FUEL INC.,
BTGA USA, INC., JANINDER NARANG,
RANJU NARANG, LEENA NARANG,                                          **JURY TRIAL REQUESTED**
BHARAT MUDGAL and TANUJA MUDGAL,

                                Defendants.
-----------------------------------------------------------------------------X

       Plaintiff, SANTOKH SINGH WALIA ("Plaintiff"), by his attorneys, Law Offices of Yale Pollack, P.C., as and for his Complaint against Defendants, 575 FUEL INC., MELVILLE FUEL INC., BTGA USA, INC., JANINDER NARANG, RANJU NARANG, LEENA NARANG, BHARAT MUDGAL and TANUJA MUDGAL (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiff, a former gas attendant for Defendants, brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

       2.    Plaintiff also brings this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks unpaid wages, unpaid overtime, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

## PARTIES

6. Plaintiff is an individual who resides in the County of Nassau, State of New York.

7. At all times herein mentioned, Plaintiff was employed by Defendants, where he worked as a gas attendant from in or about 2011 through February 2020.

8. Defendant 575 Fuel Inc. ("575 Fuel") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located at 575 South Broadway, Hicksville, New York 11801.

9. Defendants Janinder and Ranju Narang (the "Narangs") are officers, owners, chief executive officers, presidents, managers and/or operators of 575 Fuel.

10. The Narangs hired Plaintiff when he commenced his employment with 575 Fuel.

11. At all relevant time mentioned herein, the Narangs had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

12. Defendant Melville Fuel Inc. ("Melville Fuel") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located at 728 Walt Whitman Road, Melville, New York 11747.

13. Defendants Leena Narang ("Leena") is an officer, owner, chief executive officer, president, manager and/or operator of Melville Fuel.

14. Leena hired Plaintiff when he commenced his employment with Melville Fuel.

15. At all relevant time mentioned herein, Leena had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

16. 575 Fuel and Melville Fuel were joint employers of Plaintiff in that they maintained common ownerships over the gas stations and were able to shift Plaintiff from one gas station to another without the need for executing new paperwork.

17. The Narangs exercised functional control over Plaintiff while he was employed by both 575 Fuel and Melville Fuel by controlling his working conditions and pay.

18. Defendant BTGA USA, Inc. ("BTGA") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located at 32 Farmington Lane, Melville, New York 11747.

19. Defendants Bharat and Tanuja Mudgal (the "Mudgals") are officers, owners, chief executive officers, presidents, managers and/or operators of BTGA.

20. The Mudgals hired Plaintiff when he commenced his employment with BTGA.

21. At all relevant time mentioned herein, the Mudgals had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

22. Upon information and belief, BTGA purchased Melville Fuel in August 2019.

23. After the purchase in August 2019, BTGA served as a continuation of Melville Fuel.

24. For example, after the purchase, BTGA used the same employees and facilities of Melville Fuel.

25. At all times relevant, Defendants were covered by the FLSA and the NYLL.

26. Defendants maintained a common policy and practice of, *inter alia*, not paying employees overtime premium pay for work in excess of forty (40) hours a week, not paying for off the clock work, and failing to distribute wage notices.

27. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b)

28. Upon information and belief, the gross annual volume of sales made or business done by each of the Defendants was not less than $500,000.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

30. Plaintiff was a gas station attendant for Defendants.

31. In his role, Plaintiff pump gas for customers of Defendants at their respective gas stations.

32. Plaintiff began his employment with 575 Fuel in or about 2011 as a gas station attendant.

33. At all times working for 575 Fuel, Plaintiff received an hourly wage for all hours worked, which wage ranged from $8.00 to $10.00 per hour.

34. For example, for the week of December 22, 2014, Plaintiff worked seven days that week for a total of seventy-six (76) hours.

35. Plaintiff was paid on December 28, 2014 the sum of $684 for the week, which amounted to $9.00 for all hours worked.

36. Plaintiff did not receive premium overtime pay for the hours he worked in excess of forty (40) per week while working at 575 Fuel.

37. Plaintiff began his employment with Melville Fuel in or about September 2016 as a gas station attendant.

38. At all times working for Melville Fuel, Plaintiff received an hourly wage for all hours worked, which was, for the most part, a wage between $9.00 and $10.00 per hour.

39. For example, for the week of May 14, 2016, Plaintiff worked seven days that week for a total of eight-four (84) hours.

40. Plaintiff was paid on May 20, 2016 the sum of $756 for the week, which amounted to $9.00 for all hours worked.

41. Plaintiff did not receive premium overtime pay for the hours he worked in excess of forty (40) per week while working at Melville Fuel.

42. Plaintiff began his employment with BTGA in or about September 2019 as a gas station attendant.

43. At all times working for BTGA, Plaintiff received an hourly wage for all hours worked, which was, for the most part, a wage of $13.00 per hour.

44. Plaintiff generally worked eighty-one (81) hours per week for BTGA.

45. Plaintiff did not receive premium overtime pay for the hours he worked in excess of forty (40) per week while working at BTGA.

46. Plaintiff was terminated from his employment on February 28, 2020.

47. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff should be tolled due to the failure to provide appropriate and required notice of the law.

## COUNT ONE

### (Failure to Pay Overtime Wages – FLSA)

48. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

49. At all relevant times, Plaintiff regularly worked in excess of forty (40) hours per workweek for Defendants.

50. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime premium rates for all hours worked in excess of forty (40) hours per workweek.

51. Plaintiff seeks damages for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO

### (Failure to Pay Overtime Wages – NYLL)

52. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

53. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without being paid for all hours worked or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

54. At all relevant times, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

55. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

56. Plaintiff seek damages for unpaid wages, overtime compensation, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT THREE

**(Notice Violations and Wage Statement Violations – NYLL)**

57. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

58. Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(1) containing Plaintiff's rate or rates of pay and basis thereof; whether paid by the hours, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59. Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(3) containing the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

60. Based on Defendants' violations of the NYLL §195(1), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-b), as well as reasonable attorneys' fees and costs.

61. Based on Defendants' violations of the NYLL §195(3), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-d), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A. Awarding Plaintiff damages for the amount of unpaid regular and overtime wages under the FLSA and/or the NYLL;

B. Awarding Plaintiff liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

C. Awarding pre- and post-judgment interest as permitted under the law;

D. Awarding the costs of this action together with reasonable attorneys' fees; and

E. Granting such other and further relief as this Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: July 21, 2020
      Syosset, New York

Respectfully submitted,

**LAW OFFICES OF YALE POLLACK, P.C.**

By: */s/ Yale Pollack*
      Yale Pollack, Esq.
*Attorneys for Plaintiff*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340 Phone
(516) 634-6341 Fax
ypollack@yalepollacklaw.com